Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| JUAN CARLOS GONZÁLEZ ZAYAS<br><br>Demandante-Peticionario<br><br>Vs.<br><br>LYDIA ALEXANDRA FULLANA MORALES T/C/C: ALEXANDRA FULLANA MORALES<br><br>Demandada-Recurrida | KLCE202400698 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala de Bayamón<br><br>Caso Núm. BY2023CV01108<br><br>Sala 401<br><br>Sobre: LIQUIDACIÓN DE COMUNIDAD DE BIENES |

Panel integrado por su presidente, el Juez Hernández Sánchez, la Jueza Romero García y la Jueza Martínez Cordero.

**Hernández Sánchez, Juez Ponente**

**SENTENCIA**

En San Juan, Puerto Rico, a 11 de julio de 2024.

El 26 de junio 2024, el Sr. Juan Carlos González Zayas (señor González o peticionario) compareció ante nos mediante una *Petición de Certiorari* y solicitó la revisión de una *Orden* que se dictó el 3 de junio de 2024 y se notificó el 4 de junio de 2024 por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI). Mediante el aludido dictamen, el TPI le ordenó y prohibió al señor González a enajenar, transferir, ceder, donar, gravar, en forma alguna un bien inmueble sito en la Calle Malecón #1 Boca de Yuma, Municipio de San Rafael de Yuma, Provincia de la Altagracia Higüey, así como cualquier otro bien adquirido estando constituida la Sociedad Legal de Gananciales figurando como soltero el peticionario. Además, le ordenó a este último a permitirle acceso a un tasador para que tasara la propiedad antes descrita.

Por los fundamentos que expondremos a continuación, expedimos el auto de *certiorari* y **modificamos** el dictamen recurrido únicamente con el fin de declarar nula la orden relacionada a la

prohibición dirigida al señor González para enajenar, transferir, ceder, donar, o gravar en forma alguna el bien inmueble ubicado en la República Dominicana.

I.

El 27 de febrero de 2023, el señor González presentó una *Demanda* sobre liquidación de comunidad de bienes en contra de la Sra. Lydia Alexandra Fullana Morales (señora Fullana o recurrida).[1] En primer lugar, alegó que en el año 2022 el TPI dictó una *Sentencia* en el caso civil núm. SJ2022RF01233 mediante la cual disolvió su matrimonio con la señora Fullana. Adujo que, de conformidad con la referida *Sentencia*, durante el matrimonio se habían adquirido bienes y deudas gananciales que estaban sujetas a liquidación. Ante ello, reclamó la división de unos bienes muebles que según él estimaban a una cantidad de $500,000.00, reclamó la devolución de un reloj el cual alegó que le pertenecía privativamente y que tenía un valor de $14,000.00, desglosó unas deudas que tenían que ser adjudicadas y por último, afirmó que le correspondía un crédito de $2,000,000.00 por concepto de unas mejoras que se realizaron en el hogar donde las partes residieron durante su matrimonio que presuntamente fueron costeadas con su dinero privativo.

En respuesta, el 27 de marzo de 2023, la recurrida presentó una *Contestación a Demanda; Defensas Afirmativas y Reconvención*.[2] En esta negó la mayoría de las alegaciones de la *Demanda* y se reservó el derecho a presentar cualquier defensa afirmativa que surgiera del descubrimiento de prueba. Además, presentó una *Reconvención* en la cual se limitó a expresar que solicitaba que se procediera a la división y liquidación de la comunidad de bienes post gananciales conforme lo establece el Código Civil de Puerto Rico. El 29 de marzo de 2023, el peticionario

---

[1] Véase, págs. 1-4 del apéndice del recurso.
[2] Íd., págs. 5-8.

presentó una *Réplica a Reconvención* y aceptó todas las alegaciones expresadas en la Reconvención ya que eran cónsonas con las solicitudes de su *Demanda*.[3]

Luego de varios trámites procesales que no son pertinentes discutir, el 3 de junio de 2024, la señora Fullana presentó una *Urgente Moción en Torno a Entrega de Reloj, Moción en Torno a Fraude del Demandante* [...].[4] En lo que nos concierne, mediante dicho escrito, señaló que, durante la vigencia del matrimonio, el señor González adquirió un bien inmueble haciéndose pasar como soltero ubicado en la República Dominicana del cual esta no tenía conocimiento. Razonó que esta propiedad pertenecía a los bienes gananciales que se adquirieron durante el matrimonio. En vista de ello, le solicitó al TPI que dictara una orden sobre prohibición de enajenar, transferir, ceder, traspasar, gravar, hipotecar y/o de cualquier forma y manera cambiar, modificar, alterar la titularidad del inmueble ubicado en la siguiente dirección: Calle Malecón #1, Boca de Yuma, Sección Boca de Yuma, Municipio San Rafael de Yuma, Provincia de la Altagracia Higüey. Además, solicitó que se le ordenara al peticionario a dar acceso a un tasador para que este pudiese realizar una tasación del inmueble antes mencionado.

Así las cosas, el 4 de junio de 2024, el peticionario presentó una moción solicitando una prórroga para expresarse en torno a la moción urgente antes descrita.[5] Sin embargo, ese mismo día, a saber, el 4 de junio de 2024, el TPI notificó una *Orden* mediante la cual, en lo pertinente, le ordenó y le prohibió al señor González a enajenar, transferir, ceder, donar, gravar, en forma alguna un bien inmueble sito en la Calle Malecón #1 Boca de Yuma, Municipio de San Rafael de Yuma, Provincia de la Altagracia Higüey, así como

---

[3] Íd., págs. 9-10.
[4] Íd., págs. 11-14.
[5] Íd., págs. 22-23.

cualquier otro bien adquirido estando constituida la Sociedad Legal de Gananciales figurando como soltero el peticionario.[6] Además, le ordenó a este a permitirle acceso a un tasador para que tasara la propiedad antes descrita. A pesar de que el TPI ya había emitido esta orden atendiendo el asunto, le concedió un término al peticionario para expresarse en torno a la moción urgente que presentó la señora Fullano.[7]

Transcurrido el término sin que el señor González se expresara en torno a la moción urgente, el 20 de junio de 2024, el TPI emitió y notificó una *Orden*.[8] En esta, citó una vista mediante videoconferencia para el 21 de junio de 2024 y, además, le ordenó al peticionario a que cumpliera de inmediato con permitir el acceso a la propiedad sita en la República Dominicana so pena de imposiciones severas de sanciones incluyendo el desacato. En desacuerdo con esta *Orden*, ese mismo día, a saber, el 20 de junio de 2024, el señor González presentó una *Moción de Reconsideración*, en la cual argumentó que el TPI no tenía jurisdicción para emitir una orden en cuanto a un bien inmueble sito en la Republica Dominicana.[9] Expresó que la jurisdicción del TPI se limitaba a todo caso o controversia que surgiera dentro de la demarcación territorial de Puerto Rico. Particularmente, sostuvo que los tribunales de Puerto Rico carecían de jurisdicción para adjudicar la titularidad de bienes inmuebles sitos en República Dominicana y lo que correspondería sería presentar un pleito en los tribunales de ese país.

Atendida la solicitud de reconsideración, ese mismo día, el 20 de junio de 2024, el TPI dictó una *Orden* que se notificó el 21 de junio de 2024 declarando No Ha Lugar a dicha solicitud y puntualizó

---

[6] Íd., págs. 19-20.
[7] Íd., pág. 24.
[8] Íd., pág. 25.
[9] Íd., págs. 26-30.

que permanecía la orden emitida.[10] El 21 de junio de 2024, el TPI de igual forma, emitió otra *Orden* que se notificó el 24 de junio de 2024 concediéndole al peticionario hasta el 26 de junio de 2024 para cumplir con coordinar la fecha para que se pudiese tasar la propiedad sita en la República Dominicana so pena de sanciones.[11]

Aún en desacuerdo, el 26 junio de 2024, el peticionario presentó el recurso de epígrafe y formuló los siguientes señalamientos de error:

> **Primer Error: El Tribunal de Primera Instancia al arrogarse jurisdicción que no tiene al dictar ordenes sobre una propiedad inmueble que se encuentra sita en la República Dominicana y ordenar al demandante que lleve a cabo gestiones en dicho país en cuanto a dicha propiedad.**
>
> **Segundo Error: Erró el Tribunal de Primera Instancia al dictar una orden de prohibición de enajenar bienes sin cumplir con los requisitos de la Regla 56 de Procedimiento Civil, sin la celebración de una vista, sin dar oportunidad previa al demandante a expresarse u oponerse a la solicitud de la Demanda, sin imponer fianza a la demandada, todo ello violando el debido proceso de ley al que tiene derecho el demandante.**
>
> **Tercer Error: Erró el Tribunal de Primera Instancia a la parte demandante haber presentado una moción de reconsideración en cuanto a su orden de hacer de 3 de junio de 2024 y no señalar una vista conforme a la Regla 56.5 de las de Procedimiento Civil.**

Cabe precisar que, junto a la *Petición de Certiorari*, el peticionario presentó una *Urgente Moción en Auxilio de Jurisdicción* en la cual solicitó que se paralizaran los procedimientos ante el TPI hasta tanto atendiéramos el recurso de epígrafe. Atendida esta solicitud, la declaramos No Ha Lugar mediante una *Resolución* que emitimos el 26 de junio de 2024. Asimismo, mediante la aludida *Resolución*, le concedimos a la parte recurrida hasta el 8 de julio de 2024 para que presentara su postura en cuanto al recurso. Oportunamente, la señora Fullana presentó una *Oposición a la*

---

[10] Íd., pág. 31.
[11] Íd., pág. 35.

*Expedición del Auto de Certiorari* […] y en este negó que el TPI cometiera los errores que el señor González le imputó. Con el beneficio de la comparecencia de ambas partes procedemos a resolver el asunto ante nos. *Veamos.*

II.

**-A-**

El *certiorari* es el vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal inferior. *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 846-847 (2023). Los tribunales apelativos tenemos la facultad para expedir un *certiorari* de manera discrecional. Íd., pág. 847. Esta discreción se define como "el poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción". *García v. Padró,* 165 DPR 324, 334 (2005). Asimismo, discreción es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justa. Íd., pág. 335. Ahora bien, la aludida discreción que tiene este foro apelativo para atender un *certiorari* no es absoluta. Íd. Esto ya que no tenemos autoridad para actuar de una forma u otra, con abstracción total al resto del derecho, pues ello constituiría abuso de discreción. Íd. Así, "el adecuado ejercicio de la discreción judicial esta inexorable e indefectiblemente atado al concepto de la razonabilidad". Íd.

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, establece que el recurso de *certiorari* para resolver resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, será expedido por el Tribunal de Apelaciones cuando se recurre de: (1) una resolución u orden bajo la Regla 56 (Remedios Provisionales) y la Regla 57 (*Injunction*) de las Reglas de Procedimiento Civil; (2) la denegatoria de una moción de carácter dispositivo y; (3) por excepción de: (a) decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales; (b) asuntos

relativos a privilegios probatorios; (c) anotaciones de rebeldía; (d) casos de relaciones de familia; (e) casos que revistan interés público; y (f) cualquier otra situación en la que esperar a la apelación constituiría un fracaso irremediable de la justicia.

En otros términos, la Regla 40 del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, establece lo siguiente:

El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

Ninguno de estos criterios es determinante por sí solo para el ejercicio de jurisdicción y tampoco constituyen una lista exhaustiva. *García v. Padró,* supra, pág. 335. La norma vigente es que los tribunales apelativos podremos intervenir con las determinaciones discrecionales del Tribunal de Primera Instancia cuando este haya incurrido en arbitrariedad, craso abuso de discreción o en un error en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. *Pueblo v. Rivera Santiago,* 176 DPR 559, 581 (2009).

**-B-**

La jurisdicción es la autoridad que posee un tribunal para considerar y adjudicar determinada controversia o asunto. *Pérez López v. CFSE*, 189 DPR 877, 882 (2013). La falta de jurisdicción trae consigo las consecuencias siguientes:

> (a) no es susceptible de ser subsanada; (b) las partes no pueden voluntariamente conferírsela a un tribunal, como tampoco puede este arrogársela; (c) **conlleva la nulidad de los dictámenes emitidos**; (d) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (e) **impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso**; y (f) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal motu propio. (Énfasis suplido) *González v. Mayagüez Resort & Casino*, 176 DPR 848, 855 (2009).

A tono con lo anterior, nuestro Tribunal Supremo ha expresado que los tribunales "debemos ser celosos guardianes de nuestra jurisdicción, por lo que tenemos la indelegable labor de auscultarla, incluso cuando ello no se nos haya planteado". *Cordero v. Oficina de Gerencia de Permisos y otros*, 187 DPR 445, 457 (2012). Así pues, "las cuestiones jurisdiccionales deben ser resueltas con preferencia, y de carecer un tribunal de jurisdicción lo único que puede hacer es así declararlo". Íd, pág. 856. Ello, **ya que los tribunales no tenemos discreción para asumir jurisdicción donde no la tenemos.** (Énfasis suplido) *Yumac Home v. Empresas Masso*, 194 DPR 96, 103 (2015).

Ahora bien, en lo pertinente al asunto ante nos, cabe precisar que, nuestro Tribunal Supremo ha expresado que los tribunales de Puerto Rico carecen de jurisdicción para adjudicar la titularidad de bienes inmuebles sitos en la Republica Dominicana. *S.L.G. Valencia v. García García*, 187 DPR 283, 329 (2012). Ello, ya que como ha establecido nuestra jurisprudencia, los bienes inmuebles están sujetos a las leyes del país que están sitos. Íd., pág. 306. De esta forma, toda cuestión relacionada con los bienes inmuebles se rige

por el estatuto real, es decir, las leyes del lugar donde está sito son las que priman, sin importar el domicilio de su propietario. *Roselló Puig v. Rodríguez Cruz,* 183 DPR 81, 101 (2011).

En vista de lo anterior, en los casos en que el bien inmueble en controversia este sito en otro país, corresponde presentar un pleito en los tribunales de ese país para que se determine la titularidad de ese bien inmueble. *S.L.G. Valencia v. García García,* supra, pág. 329. Luego de que se lleve a cabo dicho proceso, nuestros tribunales tomaran conocimiento judicial de ese dictamen y le adjudicaran un valor al bien inmueble en controversia. Íd.

III.

En su primer señalamiento de error, el señor González argumentó que el TPI erró al arrogarse jurisdicción que no tenía dictando órdenes sobre una propiedad que está sita en la República Dominicana. Por otro lado, en su segundo señalamiento de error, sostuvo que el TPI erró al dictar una orden de prohibición de enajenar sin cumplir con los requisitos de la Regla 56 de Procedimiento Civil, 32 LPRA Ap. V., R. 56. Por último, en su tercer señalamiento de error, indicó que el TPI erró al no señalar una vista conforme a la Regla 56.6 de Procedimiento Civil, *supra,* a pesar de que este presentó una solicitud de reconsideración en cuanto a la *Orden* de hacer que el TPI dictó el 3 de junio de 2024.

En el caso de autos, la señora Fullana presentó una moción urgente el 3 de junio de 2024 en la que alegó que, durante la vigencia del matrimonio, el señor González adquirió un bien inmueble, haciéndose pasar como soltero, ubicado en la República Dominicana del cual ella desconocía de su existencia. Razonó que esta propiedad pertenecía a los bienes gananciales que se adquirieron durante el matrimonio. En vista de ello, le solicitó al TPI que dictara una orden sobre prohibición de enajenar, transferir, ceder, traspasar, gravar, hipotecar y/o de cualquier forma y manera

cambiar, modificar, alterar la titularidad de este inmueble. Además, solicitó que se le permitiera acceso a la propiedad para que fuese un tasador para tasar la propiedad.

Ese mismo día, a saber, el 3 de junio de 2024, el TPI dictó una *Orden* en cuanto a la solicitud de la recurrida sin haberle concedido la oportunidad al peticionario para expresarse. En esta, entre otras cosas, le prohibió al señor González enajenar, transferir, ceder, donar, o gravar, en forma alguna el bien inmueble sito en la Republica Dominicana, así como cualquier otro bien adquirido figurando como soltero, estando constituida la Sociedad Legal de Gananciales. Además, le ordenó permitirle acceso a un tasador para que tasara la propiedad antes mencionada.

De entrada, cabe precisar que, los tribunales no tenemos discreción para asumir jurisdicción donde no la tenemos. *Yumac Home v. Empresas Masso*, supra, pág. 103. Dicho esto, el Tribunal Supremo ha establecido que toda controversia relacionada a un bien inmueble sito en otro país está sujeto a las leyes de ese país. *S.L.G. Valencia v. García García*, supra, pág. 306. **Así pues, el Tribunal de Primera Instancia carecía de jurisdicción para realizar cualquier adjudicación en cuanto a la propiedad inmueble ubicaba en la República Dominicana.** Ante ello, la orden dirigida al señor González prohibiéndole a enajenar, transferir, ceder, donar, gravar, en forma alguna un bien inmueble sito en la Republica Dominicana es nula. Sin embargo, la orden relacionada a la tasación de la propiedad antes descrita **no es nula** debido a que ello no trata de una adjudicación sobre la propiedad.

En vista de lo anterior, lo correspondiente en el presente caso es que la señora Fullana presente un pleito en los tribunales de la República Dominicana para que ese foro determine la titularidad del bien inmueble en controversia. Luego de que se lleve a cabo dicho proceso, el TPI podrá tomar conocimiento judicial de ese dictamen y

le adjudicará un valor al bien inmueble. Por todo lo anterior, el primer señalamiento de error se cometió. Al así resolver, no cabe entrar en los méritos del segundo y tercer señalamiento de error, ya que el TPI no ostenta la jurisdicción para emitir ninguna orden relacionada a la propiedad ubicada en la República Dominicana.

IV.

Por los fundamentos antes expuestos, expedimos el auto de *certiorari* y **modificamos** el dictamen recurrido únicamente con el fin de declarar nula la orden relacionada a la prohibición dirigida al señor González para enajenar, transferir, ceder, donar, o gravar en forma alguna el bien inmueble ubicado en la República Dominicana por falta de jurisdicción.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones